J-S07026-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES EARL JOHNSON | : | |
| | : | |
| Appellant | : | No. 1170 WDA 2020 |

Appeal from the PCRA Order Entered October 20, 2020
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003200-2010

BEFORE: SHOGAN, J., DUBOW, J., and KING, J.

MEMORANDUM BY DUBOW, J.:          **FILED: MARCH 23, 2021**

Appellant, James Earl Johnson, appeals *pro se* from the October 20, 2020 Order dismissing his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

The relevant facts and procedural history are as follows. In 2010, Appellant raped the victim, A.D. On June 9, 2011, following a bench trial, the court convicted Appellant of Rape, Burglary, and Terroristic Threats.[1]

At a sentencing hearing on October 17, 2011, the court initially imposed concurrent sentences of life without the possibility of parole on Appellant's Rape and Burglary convictions and a concurrent sentence of 30-60 months of incarceration on his Terroristic Threats conviction. The court also designated Appellant a sexually violent predator and Appellant's convictions required that

_____

[1] 18 Pa.C.S. §§ 3121(a)(1), 3502(a), and 2706(a)(1), respectively.

he register for his lifetime as a sexual offender. On August 10, 2012, this Court affirmed Appellant's Judgment of Sentence. **See Commonwealth v. Johnson**, 60 A.3d 567 (Pa. Super. 2012) (unpublished memorandum).

On December 13, 2012, Appellant filed a timely first PCRA Petition, in which Appellant claimed, *inter alia*, that Magisterial District Justice Tom Robie had violated Appellant's constitutional rights by interceding in the case on behalf of the victim, including by showing the victim Appellant's photograph for identification in Judge Robie's chambers. PCRA Petition, 12/13/12, at 6-7; Memorandum, 12/13/12, at 3-4. The PCRA court dismissed the Petition on October 2, 2013, and, on August 22, 2014, this Court affirmed the PCRA court's Order. **See Commonwealth v Johnson**, 2004 WL 10889661 (Pa. Super. filed Aug. 22, 2004) (unpublished memorandum).

Following a federal decision that overturned Appellant's sentence,[2] on December 3, 2018, the trial court resentenced Appellant, reducing the life sentences for his Rape and Burglary convictions to an aggregate term of 22 ½ to 45 years of incarceration, with credit for time served. Appellant appealed the discretionary aspects of his sentence, and this Court affirmed the Judgment of Sentence on June 24, 2019. **See Commonwealth v. Johnson**, 219 A.3d 260 (Pa. Super. 2019) (unpublished memorandum).

---

[2] **See Johnson v. Superintendent Mahanoy SCI**, 2018 WL 7246835, at *1 (3d Cir. filed Aug. 30, 2018) (unpublished opinion) (granting petition for writ of *habeas corpus* because original sentences were improperly enhanced to a mandatory term of life).

On November 22, 2019, Appellant filed a *pro se* "motion to correct illegal sentence," arguing primarily that a Magisterial District Judge Tom Robie, who was not assigned to any of Appellant's cases, knew the victim personally and had at one point employed the victim's mother. Appellant alleged that the magisterial district judge coordinated the investigation against him and then advocated for his guilt to the trial court and other government officers, influencing the result of Appellant's bench trial.

On December 3, 2019, the trial court denied Appellant's claim of sentencing error. On appeal, this Court vacated the court's Order, concluding that the trial court erred in failing to treat Appellant's "motion" as a timely first PCRA Petition. **See Commonwealth v. Johnson**, 239 A.3d 48 (Pa. Super. 2020) (unpublished memorandum). This Court remanded for the appointment of PCRA counsel, but did not address the substantive merits, if any, of the claims raised in Appellant's "motion."

Following remand, the PCRA court appointed counsel.[3] On August 31, 2020, counsel filed a **Turner**/**Finley**[4] "no merit" letter and requested leave to withdraw as Appellant's counsel. In his "no merit" letter, counsel informed the court that the issues raised by Appellant in his PCRA Petition were "essentially a restatement and encapsulation of his original PCRA Petition

---

[3] Appointed counsel William J. Hathaway, Esquire, also represented Appellant by appointment in Appellant's 2012 PCRA proceedings.

[4] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

denied October[] 2013." No Merit Letter, 8/31/20, at 2 (unpaginated.). Counsel characterized Appellant's claims as "substantively indistinct factually and legally" from the claims in his prior Petition. *Id.* As such, counsel asserted that the claims were not cognizable under the PCRA. *Id.*

On September 10, 2020, the PCRA Court issued a Notice of Intent to Dismiss Appellant's PCRA Petition pursuant to Pa.R.Crim.P. 907. Appellant did not file a Response to the Rule 907 Notice.

On October 20, 2020, the PCRA court granted counsel's Petition for Leave to Withdraw as counsel and dismissed Appellant's PCRA Petition.

This *pro se* appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues in his *pro se* Brief:

1. Did the trial court err in its decision to ignore Magisterial District Judge Robie's violations of the dictates of Article 5, Section 17(b) of the Pennsylvania Constitution?

2. Did the trial court err in not affording [Appellant] equal protection in this case as afforded by the Fourteenth Amendment of the United States Constitution and Article 1, Section 9 of the Pennsylvania Constitution?

3. Did [the PCRA] court fail to cite case law precedent or constitution precedent explaining its decision to deny [Appellant's] PCRA [Petition]?

Appellant's Brief at 7.

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa.

Super. 2016) (citing **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014)). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." **Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa. Super. 2010) (citation omitted). "Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations." **Id.** (citation omitted).

To be eligible for relief under the PCRA, a petitioner must establish that the issues raised in the PCRA petition have not been previously litigated or waived. 42 Pa.C.S. §§ 9543(a)(3), 9544(a)(3). An issue has been "previously litigated" if it was raised and decided in, *inter alia*, a prior "proceeding collaterally attacking [a] conviction or sentence." **Commonwealth v. Carpenter**, 725 A.2d 154, 160 (Pa. 1999).

In his first two issues, Appellant challenges the PCRA court's order dismissing his claims that Magisterial District Judge Tom Robie's involvement in this case violated Appellant's constitutional rights. Appellant's Brief at 10-22. This Court has reviewed the arguments advanced in Appellant's Brief, and the claims he raised in his current PCRA Petition and in the PCRA Petition he filed in December 2012. Our review indicates that Appellant raised in his December 2012 Petition the exact issues he has set forth in the instant PCRA Petition. The PCRA court dismissed those issues in 2013, and this Court affirmed the PCRA court's Order. Accordingly, Appellant has previously

litigated his first two issues and they are, thus, not cognizable under the PCRA.[5]

In his third issue, Appellant complains that the PCRA court did not cite to case law or constitutional precedents in explaining its decision to dismiss his Petition. Appellant's Brief at 18. Appellant has not, however, developed his argument in support of this claim with citation to any controlling case law.

"The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." *Eichman v. McKeon*, 824 A.2d 305, 319 (Pa. Super. 2003) (citations omitted). *See* Pa.R.A.P. 2111 and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). Furthermore, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." *Branch Banking and Tr. v. Gesiorski*, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation and brackets omitted). *See* Pa.R.A.P. 2101 (explaining that substantial briefing defects may result in dismissal of appeal).

---

[5] We acknowledge that, after Appellant filed his 2012 PCRA Petition, the trial court resentenced Appellant to cure the legality of sentence issue found on *habeas corpus* review by the federal court. Following his resentencing, Appellant's right to PCRA review was limited to the legality of sentence issue underlying his resentencing. *See Commonwealth v. Lesko*, 15 A.3d 345, 365 (Pa. 2011). The PCRA court's prior resolution of the first two issues raised in the instant Petition, and in this appeal, was not within the scope of the resentencing proceeding. Accordingly, because the PCRA court considered, and dismissed, these issues in 2013, they have been "previously litigated" for purposes of the PCRA.

Although this Court liberally construes materials filed by *pro se* litigants, an appellant's *pro se* status does not relieve him or her of the obligation to follow the Rules of Appellate Procedure. ***Jiricko v. Geico Ins. Co.***, 947 A.2d 206, 213 n.11 (Pa. Super. 2008). ***See Commonwealth v. Rivera***, 685 A.2d 1011, 1013 (Pa. Super. 1996) (stating that a *pro se* litigant must "assume the risk that [his] lack of expertise and legal training will prove [his] undoing."). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." ***Commonwealth v. Kane***, 10 A.3d 327, 331 (Pa. Super. 2010) (citation omitted). If a deficient brief hinders this Court's ability to address any issue on review, we shall consider the issue waived. ***Commonwealth v. Gould***, 912 A.2d 869, 873 (Pa. Super. 2006) (holding that appellant waived issue on appeal where he failed to support claim with relevant citations to case law and record). ***See also In re R.D.***, 44 A.3d 657, 674 (Pa. Super. 2012) (finding that, where the argument portion of an appellant's brief lacked meaningful discussion of, or citation to, relevant legal authority regarding the issue generally or specifically, the appellant's issue was waived because appellant's lack of analysis precluded meaningful appellate review).

Appellant's failure to develop this issue not only violates our briefing requirements, but also precludes this Court's meaningful review. ***Gould***, 912 A.2d at 873. Accordingly, Appellant has waived this issue.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/23/2021